**BARCLAY DAMON**LLP

**Brian E. Whiteley**
*Partner*

October 5, 2021

**VIA CM/ECF**

Hon. Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Civil Action No. 1:21-CV-02732
                  Matthew Ronen v. RedRoute, Inc. ("RedRoute") and Brian Schiff
                  (collectively "Defendants")

                  Defendants' Request for a Pre-Motion Conference

Judge Kovner:

      Please accept this letter as Defendants' formal request for a pre-motion conference pursuant to Your Honor's Individual Practice Rules. At the requested pre-motion conference, Defendants will seek permission to file a motion to dismiss the second amended complaint (Dkt. No. 12) ("Second Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

      The Second Amended Complaint alleges six causes of action based on alleged discrimination and retaliation under Title VII, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law, stemming from RedRoute's termination of the employment of Plaintiff Matthew Ronen ("Ronen"). Defendants seek leave to file their motion because, in their view, the Complaint does not allege facts sufficient to state a claim.

**A.**    **Discrimination under Title VII, the NYSHRL, and the NYCHRL**

      A prima facie case of discrimination under Title VII requires the plaintiff to show (1) he was a member of a protected class at the time of the alleged discrimination, (2) he was qualified for the position, (3) he was subject to an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference of impermissible discrimination. *Johnson v. New York City Bd. of Educ.*, 2000 U.S. Dist. LEXIS 17410, * (E.D.N.Y. 2000), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

160 Federal Street - Suite 1001 - Boston, Massachusetts 02110  barclaydamon.com
bwhiteley@barclaydamon.com  Direct: (617) 274-2903  Fax: (617) 722-6003
Also Admitted in: New York

Hon. Rachel P. Kovner
October 5, 2021
Page 2

To state a discrimination claim under the NYSHRL, a complaint must allege the plaintiff's membership in a protected class. *See Broomer v. Huntington Union Free Sch. Dist. Carmen Casper*, No. 12-CV-574 (DRH) (AKT), 2013 U.S. Dist. LEXIS 113971, at *28 (E.D.N.Y. Aug. 13, 2013). The protected classes under NYSHRL are "age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence." New York Executive Law § 296(1)(a).

Under New York City Human Rights Law ("NYCHRL"), it is unlawful for an employer to discharge a person, or "discriminate against a person in compensation or in terms, conditions or privileges of employment" due to the person's "pregnancy, childbirth, or related medical condition." N.Y.C. Administrative Code §8-107(22)(a). Under the NYCHRL, a plaintiff must show that (1) he is a member of a protected class; (2) he is qualified for his position; (3) he was treated differently from others in a way that was more than trivial, insubstantial or petty; and (4) he was treated differently than a worker who was not a member of his protected class. *Maynard v. Montefiore Med. Ctr.*, 2021 U.S. Dist. LEXIS 21570, *13 (S.D.N.Y. Feb. 4, 2021).

Here, Mr. Ronen cannot survive the first element of each statutory claim because familial status is not a protected class under Title VII. *Van Soeren* 2020 U.S. Dist. LEXIS 192028 *7 (Oct. 16, 2020 S.D.N.Y ). Specifically, "whereas Title VII protects a pregnant employee, it does not protect an employee whose spouse is pregnant." *Id.* at *8 (other citations omitted.) In addition, none of the protected classes under the NYSHRL, enumerated above, include expecting fathers.

Aside from the NYSHRL's plain text, case law also makes clear that expectant fathers are not members of a protected class. *See Van Soeren v. Disney Streaming Serv.*, 2020 U.S. Dist. LEXIS 192028, at *8 (S.D.N.Y. Oct. 16, 2020); *Adler v. S. Orangetown Cent. Sch. Dist.*, 2008 U.S. Dist. LEXIS 4971, at *26 (S.D.N.Y. Jan. 17, 2008).

The Second Amended Complaint also attempts to place Mr. Ronen into a protected class by making conclusory allegations regarding "caregiver" status. However, "caregivers" are not within a protected class under the NYSHRL. *See Budhai v. N.Y.C. Dep't of Corr.*, 2021 NY Slip Op 31216(U), ¶ 3 (Sup. Ct., New York County 2021); *Sedhom v. SUNY Downstate Med. Ctr.*, 2018 NY Slip Op 33210(U), ¶ 13 (Sup. Ct., New York County 2018).

Because Plaintiff has failed to plausibly allege facts sufficient to state claims under Title IX, the NYSHRL, and the NYCHRL, Defendants seek to move to dismiss the Second Amended Complaint.

**B.      Retaliation under Title VII, the NYSHRL, and NYCHRL**

To establish a prima facie case of retaliation under Title VII, a plaintiff must show the following four things: "(1) she engaged in a protected activity; (2) her employer was aware of this

Hon. Rachel P. Kovner
October 5, 2021
Page 3

activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 14 (2d Cir. 2018) (other citations omitted).

To state a retaliation claim under the NYSHRL, a complaint's factual allegations must show the plaintiff engaged in protected activity and that such engagement caused the adverse employment action. *See Benjamin v. Health & Hosps. Corp.*, No. 07-CV-2487 (KAM) (LB), 2009 U.S. Dist. LEXIS 83051, at *29 (E.D.N.Y. Sep. 11, 2009).

"[T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct.'" *Brightman v. Prison Health Serv., Inc.*, 108 A.D.3d 739 (2d Dep't 2013) (other citations omitted).

Mr. Ronen does not allege a sufficient causal connection between any adverse action and the protected activity sufficient to state a claim under Title VII, the NYSHRL, or the NYCHRL.

In light of the above, Defendants believe they will prevail on their anticipated motion and do not believe the motion will place an undue burden on the parties' or the Court's resources.

Very truly yours,

/s/ Brian E. Whiteley

Brian E. Whiteley

cc: Counsel of Record (by ECF)