UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**MATTHEW RONEN**,

                    *Plaintiff*,

    - vs.-

**REDROUTE, INC. and BRIAN SCHIFF, in his
individual and professional capacities,**

                    *Defendants*.

---

Civil Action No.
1:21-cv-02732 (RPK)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6)**

**BARCLAY DAMON LLP**
Brian E. Whiteley
*Attorney for Defendants*
160 Federal Street, Suite 1001
Boston, Massachusetts 02110
Telephone:   (617) 274-2900
Facsimile:   (617) 722-6003
Email: bwhiteley@barclaydamon.com

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

   A. Ronen's Career Before RedRoute............................................................................... 2

   B. Ronen's Tenure at RedRoute .................................................................................... 3

   C. Alleged Improper Termination of Ronen's Employment ...................................... 3

LEGAL STANDARD............................................................................................................... 4

ARGUMENT ............................................................................................................................ 5

   POINT I: RONEN'S DISCRIMINATION CLAIMS UNDER TITLE VII, THE NYSHRL, AND THE NYCHRL FAIL BECAUSE PLAINTIFF IS NOT A MEMBER OF A PROTECTED CLASS ............................................................................................................. 5

      I. Title VII ............................................................................................................. 5

      II. New York State Human Rights Law............................................................... 7

      III. New York City Human Rights Law............................................................... 9

   POINT II: RONEN'S RETALIATION CLAIMS UNDER TITLE VII, THE NYSHRL, AND THE NYCHRL FAIL BECAUSE THE SAC DOES NOT SUFFICIENTLY ALLEGE A CAUSAL CONNECTION BETWEEN THE PURPORTED PROTECTED ACTIVITY AND RONEN'S TERMINATION ..................................................................................... 10

      I. The Elements of a Retaliation Claim Under Each of the Three Statutes at Issue ............ 10

         *A. Title VII*............................................................................................................. 10

         *B. NYSHRL*............................................................................................................. 11

         *C. NYCHRL*............................................................................................................. 11

      II. The Allegations in the SAC Are Insufficient to Show the Necessary Causation to Establish a Prima Facie Case ......................................................................................... 12

         *A. Ronen Does Not Have Evidence of Direct Causation* .................................. 13

         *B. The Allegations in the SAC Do Not Plausibly Allege Indirect Evidence of Causation* 14

CONCLUSION.................................................................................................................. 15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adler v. S. Orangetown Cent. Sch. Dist.*,
  2008 U.S. Dist. LEXIS 4971 (S.D.N.Y. Jan. 17, 2008)..............................................6

*Antoine v. Brooklyn Maids 26, Inc.*,
  489 F. Supp. 3d 68 (E.D.N.Y. Sep. 26, 2020) ........................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................4

*Benjamin v. Health & Hosps. Corp.*,
  2009 U.S. Dist. LEXIS 83051 (E.D.N.Y. Sep. 11, 2009)...........................10, 13, 14

*Broomer v. Huntington Union Free Sch. Dist. Carmen Casper*,
  No. 12 CV 574 (DRH) (AKT), 2013 U.S. Dist. LEXIS 113971 (E.D.N.Y.
  Aug. 13, 2013) ...........................................................................................................7

*Brown v. City of Syracuse*,
  673 F.3d 141 (2d Cir. 2012).......................................................................................7

*Budhai v. N.Y.C. Dep't of Corr.*,
  2021 NY Slip Op 31216(U) (Sup. Ct., New York County 2021)..............................8

*Clark Cty. Sch. Dist. v. Breeden*,
  532 U.S. 268 (2001)..................................................................................................14

*Cruz v. Coach Stores, Inc.*,
  202 F.3d 560 (2d Cir. 2000)......................................................................................11

*Ercole v. Lahood*,
  2011 U.S. Dist. LEXIS 32753 (E.D.N.Y. 2011)........................................................2

*Ferraro v. N.Y.C. Dep't of Educ.*,
  404 F. Supp. 3d 691 (E.D.N.Y. 2017) .....................................................................13

*Filler v. Hanvit Bank*,
  378 F.3d 213 (2d Cir. 2004)........................................................................................7

*Fisher v. Vassar Coll.*,
  *114 F.3d 1332 (2d Cir. 1997), abrogated on other grounds by Reeves v.
  Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)............................................7

*Fukelman v. Delta Air Lines, Inc.*,
No. 18-CV-2 (PKC) (PK), 2020 U.S. Dist. LEXIS 66410 (E.D.N.Y. Apr. 13,
2020) ................................................................................................................................7

*Garrett v. Garden City Hotel, Inc.*,
2007 U.S. Dist. LEXIS 31106 (E.D.N.Y. Apr. 19, 2007) .....................................................14

*Gordon v. New York City Bd. of Ed.*,
232 F.3d 111 (2d Cir. 2000).................................................................................................14

*Grazidio v. Culinary Inst. of America*,
817 F.3d 415 (2nd Cir. 2016)................................................................................................6

*Gregory v. Inc. Vill. of Ctr. Island*,
2016 U.S. Dist. LEXIS 98076 (E.D.N.Y. 2016).....................................................................2

*Guzman v. Crothall Healthcare*,
2021 U.S. Dist. LEXIS 213777 (E.D.N.Y. Sept. 29, 2021)..................................................12

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010)...................................................................................................4

*Johnson v. New York City Bd. of Educ.*,
2000 U.S. Dist. LEXIS 17410 (E.D.N.Y. 2000)....................................................................5

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
711 F.3d 106 (2d Cir. 2013)...................................................................................................4

*McDonnell Douglas Corp. v. Green.*
411 U.S. 792 (1973)............................................................................................................5, 9

*N. Am. Olive Oil Ass'n v. D'Avolio Inc.*,
457 F. Supp. 3d 207 (E.D.N.Y. 2020) ..................................................................................4

*Nicastro v. Runyon*,
60 F. Supp. 2d 181 (S.D.N.Y. 1999)....................................................................................14

*Pape v. Dircksen & Talleyrand Inc.*,
No. 16-CV-5377-MKB-SJB, 2019 U.S. Dist. LEXIS 17717 (E.D.N.Y. Feb. 1,
2019) ..................................................................................................................................13

*Pungitore v. Barbera*,
506 F. App'x 40 (2d Cir. 2012) .............................................................................................9

*Romero v. City of N.Y.*,
2016 U.S. Dist. LEXIS 146160 (E.D.N.Y. Oct. 21, 2016)...................................................15

*Russell v. Aid to Developmentally Disabled, Inc.*,
  753 F. App'x 9 (2d Cir. 2018) ....................................................................10

*Russo v. New York Presbyterian Hosp.*,
  972 F. Supp. 2d 429 (E.D.N.Y. 2013) .......................................................11

*Sedhom v. SUNY Downstate Med. Ctr.*,
  2018 NY Slip Op 33210(U) (Sup. Ct., New York County 2018)..............8

*Smiley v. Cassano*,
  2012 U.S. Dist. LEXIS 39615 (S.D.N.Y. Mar. 20, 2021) .......................14

*Spiegel v. Schulmann*,
  604 F.3d 72 (2d Cir. 2010)................................................................5, 7, 9

*Van Soeren v. Disney Streaming Serv.*,
  2020 U.S. Dist. LEXIS 192028 (S.D.N.Y. Oct. 16, 2020) .......................6

*Vega v. Hempstead Union Free Sch. Dist.*,
  801 F.3d 72 (2d Cir. 2015)........................................................................10

*Ya-Chen Chen v. City Univ. of N.Y.*,
  805 F.3d 59 (2d Cir. 2015)........................................................................12

*Zheng-Smith v. Nassau Health Care Corp.*,
  2021 U.S. App. LEXIS 27084 (2d Cir. Sep. 9, 2021) ............................11

**Statutes**

42 U.S.C. § 2000e-2(a)(1)...................................................................................5

42 U.S.C. § 2000e(k) ..........................................................................................6

Americans with Disability Act............................................................................6

New York City Human Rights Law.....................................................................5

New York Executive Law § 292(26) ...................................................................8

New York Executive Law § 296(1)(a)..................................................................8

New York Executive Law § 296(7) ....................................................................11

NYCHRL ..................................................................................................*passim*

NYSHRL ...................................................................................................*passim*

Pregnancy Discrimination Act ........................................................................5, 6

iv

State Human Rights Law ........................................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)........................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 4

N.Y.C. Admin. Code § 8-107(22) (2018) ..................................................................................9

**PRELIMINARY STATEMENT**

Defendants RedRoute, Inc. ("RedRoute") and Brian Schiff ("Schiff") submit this Memorandum of Law in support of their Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff Matthew Ronen ("Ronen") alleges six causes of action under comparable federal, state and local laws premised on two overarching theories: the first is alleged discrimination based on Ronen's status as an expectant father at the time RedRoute terminated his employment; the second is a claim that Ronen's termination was retaliatory because he had purportedly raised concerns regarding previous employment decisions at RedRoute.

Neither claim withstands scrutiny.

As to the discrimination claims, the Second Amended Complaint ("SAC") fails to allege Ronen's membership in a protected class under the governing statutes. In particular, although the SAC alleges Ronen informed RedRoute of his wife's pregnancy, and that he was notified of his termination after that, expecting fathers are not within a protected class under any of the three relevant statutes. Relatedly, the SAC attempts to wedge Ronen into a protected class by describing him as a "caregiver," but, again, "caregivers" are not within the class of employees protected by the statutes. Finally, the allegation that he was discriminated against because of his "association with a protected class" does not save Ronen's claims because the relevant statutory schemes do not support an associational discrimination claim.

Ronen's second liability theory, premised on alleged retaliatory conduct, is equally infirm. While the SAC arguably alleges facts sufficient to show – for the purposes of a motion to dismiss – that Ronen engaged in protected activity, the allegations fall short in identifying facts sufficient to meet the causation requirements applicable to claims for retaliation under the

1

relevant statutes. Engaging in protected activity must be the *cause* of an adverse employment action – in this case termination – but here the months' long interval between the purported protected activity and the termination severs any potential causal link.

Because the discrimination and retaliation theories fail as a matter of law, the SAC should be dismissed in its entirety. Further, the claims should be dismissed with prejudice because Ronen has already had two opportunities to amend the original Complaint filed with this Court on May 14, 2021.[1]

## STATEMENT OF FACTS

### A.   Ronen's Career Before RedRoute

Ronen received his Masters of Business Administration from Cornell University. *SAC* ¶ 15.[2] Thereafter, Ronen worked at the Colgate-Palmolive Company, where he was responsible for rebranding. *SAC* ¶ 15.

Ronen left Colgate-Palmolive and founded Service Year, a national service organization Ronen describes as akin to AmeriCorps. *SAC* ¶ 18. Service Year was eventually acquired by Aspen Institute. *SAC* ¶ 21. Ronen then founded ServiceCorps, another service organization. *SAC* ¶ 22.

Ronen alleges that the experience of founding two companies would be attractive to startup companies. *SAC* ¶¶ 25–26.

---

[1] This is actually the fourth complaint Ronen has filed since his termination. The first was filed incorrectly in the Southern District of New York on April 15, 2021. After counsel for RedRoute and Schiff provided notice of improper venue, Ronen dismissed the complaint voluntarily and re-filed in this district on May 14, 2021 (Dkt. No. 1), followed by an Amended Complaint filed July 30, 2012 (Dkt. No. 2), and finally the now operative Second Amended Complaint filed September 21, 2021 (Dkt. No. 12). Dismissal with prejudice is therefore appropriate. *Gregory v. Inc. Vill. of Ctr. Island*, 2016 U.S. Dist. LEXIS 98076, *32 (E.D.N.Y. 2016) (motion to dismiss with prejudice granted after Court concluded "an additional attempt to replead would be futile); *Ercole v. Lahood*, 2011 U.S. Dist. LEXIS 32753, *52-53 (E.D.N.Y. 2011) (complaint dismissed with prejudice because plaintiff does failed to assert plausible federal law claims after three opportunities to replead).

[2] "SAC" refers to the SAC filed September 21, 2021 (Dkt. No. 12) and attached as Exhibit A to the Declaration of Brian E. Whiteley, Esq. filed herewith.

### B.     Ronen's Tenure at RedRoute

RedRoute hired Ronen in March 2019 to assist RedRoute in developing its business and to raise capital. *SAC* ¶¶ 29–33. About a year later, Ronen alleges he started performing duties as RedRoute's chief operating officer. *Id.* at ¶ 38. Ronen alleges that, throughout his employment, he continued raising capital and securing financing for Redroute. *SAC* ¶ 32.

According to Ronen, he attended a RedRoute management meeting on September 3, 2020 and heard a discussion regarding the potential termination of a pregnant female employee before she would be eligible for maternity leave. *SAC* ¶¶ 49–51. Ronen claims he objected to the discussion and said RedRoute's management should not consider an employee's pregnancy as a relevant circumstance regarding potential termination. *SAC* ¶¶ 52–53. According to the SAC, although management agreed with Ronen and stated the employee would not be terminated, the employee was terminated later in September 2020. *SAC* ¶¶ 54-55. Ronen asserts he then confronted RedRoute's management and said terminating an employee because of a pregnancy would be discriminatory. *SAC* ¶ 56. RedRoute's management allegedly "brushed off" Ronen's objection and "bragged" that the Company had previously terminated the employment of another employee the day she revealed her pregnancy. *SAC* ¶ 57.[3]

### C.     Alleged Improper Termination of Ronen's Employment

Ronen learned his wife was pregnant in the summer of 2020. *SAC* ¶ 45. He alleges that he first told RedRoute's management of that fact in November 2020. *SAC* ¶ 62.

In December 2020, RedRoute's management conducted a performance review of Ronen's employment. *SAC* ¶ 63. RedRoute's review of Ronen's work identified performance issues. *SAC*

---

[3] Although RedRoute and Schiff dispute many of the allegations in the SAC, they are accepted as true for the purpose of this motion.

¶ 63. RedRoute's management informed Ronen he would not receive a promotion in 2020. *SAC* at ¶ 64.

Ronen alleges that in late December 2020, RedRoute's management asked him if he intended to take paternity leave. *SAC* ¶ 67. Ronen responded that he intended to take leave but that it would not impact his employment responsibilities. *SAC* ¶ 68.

RedRoute terminated Ronen's employment in January 2021. *SAC* ¶ 72. The SAC acknowledges that RedRoute's management informed Ronen the termination was based on performance issues. *SAC* ¶ 73.

## **LEGAL STANDARD**

"The standards for analyzing a motion to dismiss pursuant to Rule 12(b)(6) are well-established," *N. Am. Olive Oil Ass'n v. D'Avolio Inc.*, 457 F. Supp. 3d 207, 219 (E.D.N.Y. 2020), and require a careful review of whether the complaint, accepting all of its allegations as true, "plausibly gives rise to an entitlement to relief." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013); *accord Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

It is not enough that a complaint simply recites the elements of a cause of action, nor is it sufficient for the complaint to be comprised of "naked assertions devoid of further factual enhancement." *Id.* If a complaint fails to plead the requisite elements of a cause of action, or fails to adduce factual matter supporting each of the cause of action's requisite elements, the complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *N. Am. Olive Oil Ass'n.*, 457 F. Supp. 3d at 233.

4

**ARGUMENT**

**POINT I**

**RONEN'S DISCRIMINATION CLAIMS UNDER TITLE VII, THE NYSHRL, AND THE NYCHRL FAIL BECAUSE PLAINTIFF IS NOT A MEMBER OF A PROTECTED CLASS**

Ronen alleges he was discriminated against under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). For the reasons set forth below, Ronen cannot meet an element essential to sustain a claim under any of the three laws and his discrimination claims (Counts I, III, and V) should be dismissed.

### I.   Title VII

The burden-shifting analysis applied to discrimination claims under Title VII is well-known and articulated in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). The standard first requires a plaintiff to establish a *prima facie* case of discrimination by showing: (1) he was a member of a protected class at the time of the alleged discrimination; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of impermissible discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010); *Johnson v. New York City Bd. of Educ.*, 2000 U.S. Dist. LEXIS 17410, * (E.D.N.Y. 2000).

Ronen's Title VII claim cannot survive the first step of the *McDonnell Douglas* standard because familial status – including becoming a new parent – is not a protected class under Title VII. The text of the statute makes this clear, declaring that it is unlawful for an employer "to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act amended Title VII to clarify that the terms

"because of sex" or "on the basis of sex" include, but are not limited to, "because of or on the basis of *pregnancy, childbirth, or related medical conditions*; and *women* affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work[.]" 42 U.S.C. § 2000e(k) (emphasis added). Thus, while the language of "Title VII protects a pregnant employee, it does not protect an employee whose spouse is pregnant." *Van Soeren v. Disney Streaming Serv.*, 2020 U.S. Dist. LEXIS 192028, *8 (S.D.N.Y. Oct. 16, 2020).

Courts have been crystal clear that expecting fathers are not within a protected class under Title VII. *See Van Soeren*, 2020 U.S. Dist. LEXIS 192028, at *8 (dismissing plaintiff's Title VII claim because plaintiff was an expecting father and expecting fathers are not within a protected class under title VII); *Adler v. S. Orangetown Cent. Sch. Dist.*, 2008 U.S. Dist. LEXIS 4971, at *26 (S.D.N.Y. Jan. 17, 2008) (dismissing plaintiffs' Title VII claim where the alleged discrimination was based on plaintiff's status as an expecting father). In sum, because Ronen's discrimination claim is based upon his status as an expecting father, it must fail.

The bare-boned allegation in the SAC that Ronen's discrimination claim is based on his "association with a protected class" (SAC ¶ 79) is insufficient to avoid dismissal because Title VII, unlike, for example, the Americans with Disability Act, does not contain language authorizing associational discrimination claims. *Cf. Grazidio v. Culinary Inst. of America*, 817 F.3d 415 (2d Cir. 2016) (discussing the "rarely litigated" claim of associational discrimination in the context of a provision of the ADA prohibiting conduct because of "the known disability of an individual with whom [plaintiff] is known to have a relationship or association"), quoting 42 U.S.C. §12112(b)(4). Further, applying associational discrimination in the context of an expectant father's claim would write out of the statute the language added by the Pregnancy Discrimination Act focusing on

pregnancy, childbirth, or related medical conditions affecting women. *See Filler v. Hanvit Bank*, 378 F.3d 213, 220 (2d Cir. 2004) (citing with approval *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 698 (1995)) for the proposition that courts should avoid interpretations of statutes that "render statutory language surplusage").[4]

## II.     New York State Human Rights Law

Plaintiff's discrimination claim under the NYSHRL is subject to the same *McDonnell-Douglas* burden-shifting analysis applied to discrimination claims under Title VII. *Spiegel*, 604 F.3d at 80. As a result, to sustain his discrimination claim under NYSHRL, Ronen must be within a protected class. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Spiegel*, 604 F.3d at 80. If a complaint fails to allege the plaintiff's membership in a protected class, the NYSHRL discrimination claim will be dismissed. *See Broomer v. Huntington Union Free Sch. Dist. Carmen Casper*, No. 12 CV 574 (DRH) (AKT), 2013 U.S. Dist. LEXIS 113971, at *28 (E.D.N.Y. Aug. 13, 2013); *see also Fukelman v. Delta Air Lines, Inc.*, No. 18-CV-2 (PKC) (PK), 2020 U.S. Dist. LEXIS 66410, at *36 (E.D.N.Y. Apr. 13, 2020) (to "survive a motion to dismiss" on a NYSHRL discrimination claim, "plaintiff must plead that she is . . . a member of a protected class . . . .").

Here, the SAC fails to allege – and cannot allege – that Ronen is within a protected class under the NYSHRL. Under the NYSHRL, discrimination is unlawful if it is based on the *employee's* "age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status,

---

[4] It is unclear whether Ronen seeks to rely on "sex plus" discrimination to sustain his claim but, if he does, that theory will also fail because there are no allegations that Ronen was discriminated against because of his male gender *and* his wife's pregnancy. *Fisher v. Vassar Coll., 114 F.3d 1332, 1335 (2d Cir. 1997), abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)(a "sex plus" claim is one that an employer discriminated against the plaintiff "because of sex plus another characteristic, such as marital or parental status.") To prevail on the claim, Ronen would have to allege he was discriminated against because of *his* sex and because of his wife's pregnancy. He has not alleged that here.

marital status, or status as a victim of domestic violence." New York Executive Law § 296(1)(a). The SAC does not allege that Plaintiff falls within any of these protected classes.

Instead, the SAC alleges Ronen was terminated because his *wife* was pregnant and Ronen was planning on taking some amount of parental leave. None of the protected classes under the NYSHRL, enumerated above, include expecting fathers. *See* New York Executive Law § 296(1)(a). Had the Legislature wanted the statute to include expecting fathers, it could have so-stated.

The only term in the statute that could on a superficial reading appear relevant is "familial status," but NYSHRL expressly defines and limits "familial status" to persons who are pregnant, have a child, or are in the process of securing legal custody of a child. *See* New York Executive Law § 292(26).

The SAC also makes a single conclusory allegation that Ronen is protected under NYSHRL as a "caregiver." *SAC* ¶ 72. The nuanced language does not alter the claim's fortunes because a "caregiver," like an expecting father, is not one of the enumerated protected classes under NYSHRL. *See* New York Executive Law § 296(1)(a). Courts have consistently held that "caregivers" are not within a protected class under NYSHRL. *See, e.g., Budhai v. N.Y.C. Dep't of Corr.*, 2021 NY Slip Op 31216(U), ¶ 3 (Sup. Ct., New York County 2021) (noting that the NYSHRL does not protect "caregivers"); *Sedhom v. SUNY Downstate Med. Ctr.*, 2018 NY Slip Op 33210(U), ¶ 13 (Sup. Ct., New York County 2018) (same). Therefore, Ronen cannot maintain his NYSHRL discrimination claim on the basis of being a purported "caregiver."

Even if a "caregiver" role did confer protected class status under NYSHRL, the SAC provides no factual allegations to support the conclusory "caregiver" allegation. Conclusory allegations, in turn, have long been held insufficient to overcome a motion to dismiss because they

8

fail to "move [a] SAC 'across the line form conceivable to plausible.'" *Pungitore v. Barbera*, 506 F. App'x 40, 42 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).

The SAC here contains no mention of Ronen caring for any other individual, nor does it provide any allegations regarding potential caregiving status – within the meaning of the governing statute – after the anticipated birth of Ronen's child. Therefore, even if some narrow category of "caregivers" were within a protected class under the NYSHRL, there is little question that Ronen has failed to plausibly allege he was in fact a "caregiver" as contemplated by the statute. *See Pungitore*, 506 F. App'x at 42 (dismissing SAC alleging discrimination for failure to state a claim because the SAC consisted of conclusory allegations).

For the foregoing reasons, the SAC's claim under the NYSHRL fails as a matter of law and should be dismissed.[5]

## III.    New York City Human Rights Law

Plaintiff's discrimination claim under the NYCHRL is also subject to the same *McDonnell Douglas* analysis as his claims under Title VII and the NYSHRL.  *See Spiegel v. Schulmann*, 604 F.3d at 80. Under the NYCHRL, familial status is not a protected class. *See*, N.Y.C. Admin. Code § 8-107(22) (2018) (protecting "the needs of an employee for the *employee's pregnancy*, childbirth, or related medical condition . . .") (emphasis added). Because Ronen's Title VII claim fails, it follows that his discrimination claim under the NYCHRL must also fail.

---

[5] The allegation that Ronen was discriminated against based on his "association with a pregnant woman" fails for the same reasons as those applicable to the Title VII claim discussed above. See *supra* at pp. 6-7.

## POINT II

## RONEN'S RETALIATION CLAIMS UNDER THE TITLE VII, THE NYSHRL, AND THE NYCHRL FAIL BECAUSE THE SAC DOES NOT SUFFICIENTLY ALLEGE A CAUSAL CONNECTION BETWEEN THE PURPORTED PROTECTED ACTIVITY AND RONEN'S TERMINATION

Ronen alleges his termination was retaliatory in violation of Title VII, the NYSHR, and the NYCHRL. The allegations fall short under all three statutes and the claims should be dismissed.

### I.   The Elements of a Retaliation Claim Under Each of the Three Statutes at Issue

#### A.   *Title VII*

To establish a prima facie case of retaliation under Title VII, Ronen must show the following four things: "(1) [he] engaged in a protected activity; (2) [his] employer was aware of this activity; (3) the employer took adverse employment action against [him]; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 14 (2d Cir. 2018) (citations omitted). "[F]or an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 89–90 (2d Cir. 2015).

It is not enough for a plaintiff to allege that: "'(1) I am a member of a protected class; (2) something bad happened to me at work; (3) therefore, I was discriminated against based on my status as a member of a protected class.'" *Anand*, 2013 U.S. Dist. LEXIS 104424, at *10 (quoting *Forde v. Empire State College*, 2011 U.S. Dist. LEXIS 105767, *3 (S.D.N.Y. Sept. 19, 2011)). Instead, the alleged factual allegations must show the plaintiff engaged in protected activity and – critically – that such engagement *caused* the adverse employment action at issue. *See Benjamin v. Health & Hosps. Corp.*, 2009 U.S. Dist. LEXIS 83051, at *29 (E.D.N.Y. Sep. 11, 2009). Without

such factual allegations, a complaint fails to state a retaliation claim and should be dismissed. *See Anand*, 2013 U.S. Dist. LEXIS 104424, at \*9.

### B. NYSHRL

The NYSHRL's anti-retaliation provision makes it unlawful "to retaliate or discriminate against any person because he or she opposed any practices forbidden under this article" N.Y. Exec. Law § 296(7). The burden in establishing a *prima facie* case of discrimination under the NYSHRL is the same as under Title VII, *Zheng-Smith v. Nassau Health Care Corp.*, 2021 U.S. App. LEXIS 27084 (2d Cir. Sep. 9, 2021),  and "[t]he standards for evaluating . . . retaliation claims are identical under Title VII and the NYSHRL." *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 454 (E.D.N.Y. 2013), citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013).

In the context of retaliation claims under the NYSHRL, "the term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000). This principal reflects the text of the NYSHRL retaliation statute:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to  which this section applies to retaliate or discriminate against any person *because* he or  she has opposed any practices forbidden under this article or *because* he or she has filed a  complaint, testified or assisted in any proceeding under this article.

New York Executive Law § 296(7) (emphasis added).

### C. NYCHRL

A plaintiff can assert a retaliation claim under the NYCHRL by alleging that "the employer engaged in conduct that was reasonably likely to deter a person from engaging in" protected activity, including objecting to sexually harassing behavior. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 87 (E.D.N.Y. Sep. 26, 2020). As with Title VII and the NYSHRL, "the

NYCHRL require[s] a causal connection between an adverse act and a protected activity to prove a retaliation claim." *Antoine,* 489 F. Supp. 3d at 87, *quoting Dudley v. N.Y.C. Hous. Auth.*, 2015 U.S. Dist. LEXIS 140052, *25 (S.D.N.Y. 2014).

The Second Circuit has held that "evidence of a temporal proximity alone is not enough to demonstrate retaliation under the NYCHRL." *Guzman v. Crothall Healthcare*, 2021 U.S. Dist. LEXIS 213777, *32-33 (E.D.N.Y. Sept. 29, 2021) (granting defendant's motion to dismiss plaintiff's NYCHRL retaliation claim because, when a plaintiff has failed to adduce other evidence of discrimination, temporal proximity alone is insufficient to survive summary judgment), citing, *Forrester v. Corizon Health, Inc.*, 752 F. App'x 64, 66 (2d Cir. 2018); s*ee also Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76-77 (2d Cir. 2015) (affirming the district court's summary judgment award in favor of defendant on plaintiff's NYCHRL claim even though plaintiff had filed an affirmative action complaint shortly before termination).

## II. The Allegations in the SAC Are Insufficient to Show the Necessary Causation to Establish a Prima Facie Case

The SAC identifies two events which, if true, could be possibly be construed as protected activity within RedRoute's knowledge sufficient to meet the first two elements of a *prima facie* case, while Ronen's termination in January 2021 would meet the final element (an adverse employment action). The first allegation involves a September 3, 2020 meeting, when Ronen allegedly objected to RedRoute management discussing the potential termination of an employee because the employee was pregnant. *SAC* ¶ 51. The second occurs later that month, when Ronen alleges he informed RedRoute's management that firing the same employee due to her pregnancy was illegal. *SAC* ¶ 55.[6]

---

[6] As noted above, the allegations in the SAC as accepted as true for the purposes of this motion only and neither RedRoute nor Schiff concede the accuracy of any of the allegations, nor do they concede that, after discovery, Ronen would be able to sustain his burden of showing he engaged in "protected activity."

Regardless of whether these two events were actually "protected activities," there is no causal connection between Ronen engaging in the potentially "protected activities" and his ultimate termination several months later. The SAC therefore fails to allege facts to meet the third element of a retaliation claim under Title VII – causation – an element equally applicable to the claims asserted under the NYSHRL and NYCHRL, as discussed above. See *supra* at pp. 11-12.

A plaintiff can establish causation to support a retaliation claim:

> (A) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of other employees who engaged in similar conduct; or (B) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant.

*Benjamin*, No. 07-CV-2487 (KAM) (LB), 2009 U.S. Dist. LEXIS 83051, at *29 (quoting *Gordon v. New York City Bd. of Ed.*, 232 F.3d 111, 117 (2d Cir. 2000)). Here, the SAC contains no factual allegations, direct or indirect, that could plausibly lead the fact-finder to conclude Ronen's alleged protestations in September 2020 were causally related to his termination in January 2021.

### A.  *Ronen Does Not Have Evidence of Direct Causation*

Ronen does not allege, and could not, that there is any direct evidence that he was told or anyone else suggested, that his termination was for anything other than performance-related issues. Similarly, the SAC does not contain a single factual allegation that could be considered direct evidence of a causal connection linking the alleged September 2020 alleged protected activity to the termination in January of 2021. As a result, the SAC cannot support a finding of direct causation. *See Ferraro v. N.Y.C. Dep't of Educ.*, 404 F. Supp. 3d 691, 716 (E.D.N.Y. 2017) (dismissing NYSHRL retaliation claim where there was no direct evidence of causation); *Pape v. Dircksen & Talleyrand Inc.*, No. 16-CV-5377-MKB-SJB, 2019 U.S. Dist. LEXIS 17717, at *42, 47 (E.D.N.Y. Feb. 1, 2019) (same).

### B.   *The Allegations in the SAC Do Not Plausibly Allege Indirect Evidence of Causation*

In the absence of any direct evidence of retaliation, Ronen must turn to indirect evidence to prove causation, which would require him to either: (1) show the protected activity was followed closely by discriminatory treatment; or (2) identify evidence of disparate treatment of other employees who engaged in similar protected activity. *Benjamin*, 2009 U.S. Dist. LEXIS 83051, at *29; Gordon, 232 F.3d 111, 117 (2d Cir. 2000). Ronen cannot make either showing.

First, the facts alleged in the SAC do not support a finding that Ronen's termination "closely followed" the allegedly protected activity. To the contrary, the alleged protected activity occurred in September 2020, but Ronen's employment was not terminated until January 2021. *SAC* ¶¶ 52, 56, and 68. Thus, over three months had passed between the alleged protected activity and the termination. As a matter of law, a three-month lag precludes a finding of causation by temporal proximity. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (finding that temporal proximity between protected activity and alleged retaliation must be "very close" to establish a *prima facie* case of retaliation and describing a three-month gap as insufficient); *Garrett v. Garden City Hotel, Inc.*, 2007 U.S. Dist. LEXIS 31106, at *69–70 (E.D.N.Y. Apr. 19, 2007) (stating that more than two months is too long to establish temporal proximity); *Nicastro v. Runyon*, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) (collecting cases to show that "claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliation"); *Smiley v. Cassano*, 2012 U.S. Dist. LEXIS 39615 at *8 (S.D.N.Y. Mar. 20, 2021) ("district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation"). Thus, even accepting the SAC's allegations

as for purposes of this motion, temporal proximity cannot be used to establish causation in support of Ronen's retaliation claim.

Second, the SAC contains no factual allegations of disparate treatment of other employees who engaged in similar protected activity. In fact, there are no allegations in the SAC that any other employees at RedRoute engaged in protected activity or experienced an adverse employment decision for engaging in protected activity. *See Romero v. City of N.Y.*, 2016 U.S. Dist. LEXIS 146160, at *20 (E.D.N.Y. Oct. 21, 2016) (dismissing retaliation claims where the SAC lacked any allegations relating to the negative treatment of other employees who engaged in similar protected activity).

Based on the foregoing, the SAC fails to identify any indirect evidence to meet the causation element necessary to establish a *prima facie* claim of retaliation under Title VII, or under the NYSHRL or the NYCHRL.

## **CONCLUSION**

For the foregoing reasons, RedRoute and Schiff respectfully request that the Court grant Defendants' Motion to Dismiss, enter an Order dismissing the SAC with prejudice, and award Defendants such other relief which the Court deems just and proper.

Dated**:** November 12, 2021

**BARCLAY DAMON LLP**

By: */s/ Brian E. Whiteley*
     Brian E. Whiteley

*Attorney for Defendant*s
160 Federal St., Suite 1001
Telephone:   (617) 274-2900
Facsimile:    (617) 722-6003
Email: bwhiteley@barclaydamon.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2021, I electronically served, pursuant to the Court's

Bundling Rule,  the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6) on all counsel of record .

*/s/ Brian E. Whiteley*
Brian E. Whiteley
