UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MATTHEW RONEN**,

        *Plaintiff*,

- vs.-

**REDROUTE, INC. and BRIAN SCHIFF, in his individual and professional capacities,**

        *Defendants*.

Civil Action No.
1:21-cv-02732 (RPK)


# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**BARCLAY DAMON LLP**
Brian E. Whiteley
*Attorney for Defendants*
One Financial Center, Suite 1701
Boston, Massachusetts 02111
Telephone:  (617) 274-2900
Facsimile:   (617) 722-6003
Email: bwhiteley@barclaydamon.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    POINT I: RONEN'S DISCRIMINATION CLAIMS UNDER TITLE VII AND THE NYSHRL FAIL BECAUSE THE SAC DOES NOT PLAUSIBLY ALLEGE RONEN WAS A MEMBER OF A PROTECTED CLASS .................................................................................. 1

        I. The Title VII Claim .................................................................................................. 3

        II. The NYSHRL Claim ............................................................................................... 6

    POINT II: RONEN'S ARGUMENT REGARDING DISABILITY DISCRIMINATION SHOULD BE DISMISSED BECAUSE THE SAC DOES NOT STATE ANY SUCH CLAIM AND BECAUSE PREGNANCY, WITHOUT MORE, IS NOT A DISABILITY .................... 7

        I. The SAC does not allege a claim for association with a disabled person ........................... 7

        II. Even if Ronen had pled a disability discrimination claim, there was no 'disability' under NYSHRL or NYCHRL ............................................................................................. 7

    POINT III: RONEN'S DISCRIMINATION CLAIM UNDER NYCHRL FAILS BECAUSE PLAINTIFF IS NOT A MEMBER OF A PROTECTED CLASS ............................................. 8

    POINT IV: RONEN'S RETALIATION CLAIMS UNDER TITLE VII, NYSHRL, AND NYCHRL FAIL BECAUSE THE SAC DOES NOT ALLEGE A CAUSAL CONNECTION BETWEEN THE ALLEGED PROTECTED ACTIVITY AND RONEN'S TERMINATION ................................................................................................................................................ 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brown v. City of New York*,
   622 Fed. Appx. 19 (2d Cir. 2015) ................................................................................. 10

*Canales v. ACP Facility Servs., Inc.*,
   2019 U.S. Dist. LEXIS 40700 (E.D.N.Y. 2019) ................................................................ 6

*Chiara v. Town of New Castle*,
   126 A.D.3d 111 (2d Dep't 2015) ....................................................................................... 6

*Defranco v. Ametek Ameron, LLC*,
   2013 U.S. Dist. LEXIS 3487 (E.D.N.Y. 2013) .................................................................. 5

*Elaine W. v. Joint Diseases N. Gen. Hosp., Inc.*,
   81 N.Y.2d 211 (1993) ........................................................................................................ 6

*Kennebrew v. N.Y. City Hous. Auth.*,
   2002 U.S. Dist. LEXIS 3038 (S.D.N.Y. 2002) .................................................................. 7

*LaCoparra v. Pergament Home Ctrs., Inc.*,
   982 F. Supp. 213 (S.D.N.Y. 1997) .................................................................................... 8

*McMyler v. Bank of Utica*,
   2021 U.S. Dist. LEXIS 124703 (N.D.N.Y. July 2, 2021) ................................................. 7

*Moawad v. Rx Place*,
   1999 U.S. Dist. LEXIS 7969 (E.D.N.Y. 1999) ................................................................. 8

*Murray v. Visiting Nurse Servs. of N.Y.*,
   528 F. Supp. 2d 257 (S.D.N.Y. 2007) ............................................................................. 10

*Newport News Shipbuilding & Dry Dock Co. v. EEOC*,
   462 U.S. 669 (1983) .......................................................................................................... 4

*Rodriguez v. Flushing Manor Geriatric Ctr.*,
   2006 U.S. Dist. LEXIS 116284 (E.D.N.Y. 2006) ............................................................. 7

*Van Soeren v. Disney Streaming Serv.*,
   2020 U.S. Dist. LEXIS 192028 (S.D.N.Y. Oct. 16, 2020) ............................................ 3, 9

*Williams v. City of New York*,
   2012 U.S. Dist. LEXIS 112482 (S.D.N.Y. 2012) ............................................................ 10

*Zarda v. Altitude Express, Inc.*,
    883 F.3d 100 (2d Cir. 2018) ...................................................................................... 3, 4

**Statutes**

Pregnancy Discrimination Act ................................................................................................ 4

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 1, 2

N.Y.C. Admin. Code § 8-107(22) (2018) ................................................................................ 9

N.Y.C. Admin. Code § 8-107(31)(c)(1)(a) ............................................................................... 9

# PRELIMINARY STATEMENT

Defendants RedRoute Inc. and Brian Schiff ("Defendants") submit this Reply Memorandum in support of their Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

The plaintiff, Matthew Ronen ("Ronen"), seeks to avoid dismissal with misdirection, arguing that his discrimination claims are not based on his status as an expectant father but arise instead from his association with his then pregnant wife and/or his potential role as a caregiver. The assertions require a recasting of the express allegations in the SAC and fail to overcome the arguments set forth in Defendants' opening brief. Ronen's argument in favor of his retaliation claims also fails to hit the mark because he cannot overcome the significant gap the allegations in the SAC reveal between his alleged complaints and the termination of his employment and, as a result, cannot meet the causation element of the claim.

# ARGUMENT

## POINT I

### RONEN'S DISCRIMINATION CLAIMS UNDER TITLE VII AND THE NYSHRL FAIL BECAUSE THE SAC DOES NOT PLAUSIBLY ALLEGE RONEN WAS A MEMBER OF A PROTECTED CLASS

Ronen acknowledges his discrimination claims based on his status as an expectant father will not survive dismissal and instead seeks to recast those claims as associational. P. Mem.[1] p. 9 ("Plaintiff is not alleging he was discriminated against based on his familial status") and p. 17 ("the NYSHRL do not depend upon the plaintiff's membership in a protected class"). The shift in focus is at odds with many of the express allegations in the SAC. *See, e.g.,* SAC ¶1 ("RedRoute boasts about its generous parental leave policy"); SAC ¶6 ("Ronen brings this action

---

[1] "P. Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 18.)

to ensure the Company is not permitted to continue to discriminate against expectant parents"); SAC ¶48 ("Ronen was understandably concerned that his bright future with the Company would be cut short once it realized that he was about to become a father and would require time off to help with the care of his newborn child"); SAC ¶68 (Ronen told RedRoute "he intended to take paternity leave"); SAC ¶75 ("Ronen confirmed that he would need to take leave").[2]

It is correct, as noted in Defendants' Opening Memo[3] at page 6, that Ronen used the phrase "association with" a protected class in the recitation of the discrimination causes of action in the SAC (see SAC ¶¶79, 89, and 99). But those conclusory allegations regarding a legal element of the claims do not alter the clear focus on Ronen's paternal expectancy identified throughout the factual allegations leveled by Ronen against Defendants. SAC ¶¶1-6; 61-77).

In the end, regardless of how Ronen frames his discrimination claims, they fall short. This reply will not reiterate Defendants' arguments regarding the fact that Ronen does not fall within a protected category – those arguments are set forth in detail in Defendants' Opening Memo – but will instead focus on Ronen's attempt to avoid dismissal of the discrimination claims by arguing his claims are based on "associational discrimination." P. Mem. p. 2.

---

[2] The SAC is attached as Exhibit 1 to the Declaration of Brian E. Whiteley, Esq. in Support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17-2.)

[3] "Defendants' Opening Memo" or "D. Mem." refers to the Memorandum of Law In Support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 17-1.)

**I.  The Title VII Claim**

Ronen's associational discrimination claims cannot overcome a well-reasoned and recent decision in the Southern District of New York involving closely aligned facts and claims to those at issue here. *Van Soeren v. Disney Streaming Serv.*, 2020 U.S. Dist. LEXIS 192028 (S.D.N.Y. Oct. 16, 2020). In *Van Soeren*, a male product designer alleged he was shamed, harassed, and treated differently from other employees at the company as a result of his spouse's pregnancy. 2020 U.S. Dist. LEXIS at *1–2. The plaintiff alleged his co-workers and supervisor told him, among other things, that he "shouldn't have a kid" and that they "don't know why he [plaintiff] decided to have a kid." *Id.* at *3. The plaintiff in *Van Soeren* then alleged his supervisor terminated him without cause after he took paternity leave. As is the case here, the plaintiff brought claims against his former employer based on Title VII, the NYSHRL, and the NYCHRL. *Id.* at *1. The Court dismissed the Title VII claim because, while "Title VII protects a pregnant employee, it does not protect an employee whose spouse is pregnant." *Id.* at *8 (collecting cases).

Ronen argues that *Van Soeren* and the cases cited therein are different because those claims related to familial status rather than associational discrimination. The distinction places far too much weight on semantics. And the distinction cannot overcome the fact that, in both this case and *Van Soeren*, the plaintiffs alleged they were male employees who were discriminated against based on the pregnancy of their spouse and birth (or anticipated birth) of their child. 2020 U.S. Dist. LEXIS at *1–5. As a result, whether Ronen's claim is labeled as arising from familial status or his association with his pregnant wife, the results should be the same.

Ronen's reliance on *Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) is misplaced. *Zarda* applied specifically to sexual orientation discrimination. In particular, the plaintiff in *Zarda* was a gay man who alleged he routinely overheard his coworkers making jokes

about his sexual orientation or making sexual jokes around clients, and that he was terminated because of his sexual orientation. 883 F.3d at 108. He brought a lawsuit alleging sex stereotyping in violation of Title VII and sexual orientation discrimination under New York law. *Id.* The Second Circuit determined that sexual orientation discrimination was a subset of sex discrimination because it was motivated, at least in part, "because of .. . sex." *Id.* at 112. The Second Circuit did not, as Ronen suggests, issue a blanket rule supporting associational discrimination claims in all contexts. In fact, the plaintiff in *Zarda* was a gay man and was himself indisputably within the protected class.

Ronen also relies incorrectly on *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669 (1983). The case has no bearing on the facts here. In *Newport News Shipbuilding,* the employer had a health insurance plan that provided its female employees with hospitalization benefits for pregnancy-related conditions to the same extent as other medical conditions while providing less extensive benefits for spouses of male employees. The Supreme Court found the policy violated the Pregnancy Discrimination Act because it discriminated against male employees by failing to provide them with the same benefits of female employees. *Id.* at pp. 676–685. In other words, the policy discriminated against male employees – by denying a complete benefit to their spouses – "because of their sex" in direct violation of Title VII. *Id.* at 684–85. In particular, the Court found the policy treated a male employee with dependents differently than a female employee in a manner which "but for that person's sex would be different." *Id.* at 683.

In this case, Ronen has not alleged facts sufficient to establish that the Defendants, either by policy or in their actions, discriminated against him *because* of his sex. In the end, the SAC does not and cannot point to any policy or any act of the Defendants which discriminated against Ronen based on *his* sex.

Relatedly, Ronen fails to plausibly allege a Title VII claim based on "sex plus" discrimination. "[A] discrimination claim can be based on membership in a class based on gender plus another characteristic, where gender is itself a protected category under the statutory rubric." *Defranco v. Ametek Ameron, LLC*, 2013 U.S. Dist. LEXIS 3487, at *11 (E.D.N.Y. 2013), *quoting*, *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F. Supp. 2d 288, 234 (E.D.N.Y. 2011) (other citations omitted). "Sex plus discrimination occurs when an individual is subjected to disparate treatment based on gender 'considered in conjunction with a second characteristic.'" *Id.* at *12, *quoting Lax*, 812 F. Supp. 2d at 234.

To the extent Ronen's arguments can be read to assert a gender plus familial status theory, they will still fail. This Court dismissed a similar claim in *Defranco v. Ametek Ameron, LLC,* where the complaint contained assertions that plaintiff, a male, was terminated because his employer wanted to alter his work hours and plaintiff refused due to his "childcare situation." *Defranco*, at *15. The Court reasoned that alleging the plaintiff's basis for not being able to work was due to his childcare arrangement did not "nudge[] [plaintiff's] claim[] across the line from conceivable to plausible." *Id.*, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court further reasoned that plaintiff's complaint was devoid of facts alleging that his employer treated the sub-class of fathers differently than mothers. *Id.* (other citations omitted). In the absence of allegations that plaintiff's employer treated fathers and mothers differently, the Court dismissed the plaintiff's Title VII sex plus discrimination claim. *Id.* at *16.

Similarly, here, Ronen has failed to allege a "sex plus" discrimination claim. The SAC alleges merely that he was terminated based on his wife's pregnancy and his need to take paternity leave. SAC, ¶¶ 62–72. There are no allegations that he was treated differently based on his sex. Indeed, the SAC alleges that he was treated in the same manner as his female co-workers with

5

children. SAC, ¶¶ 50–60. As Ronen has failed to allege that he was treated differently based on his sex, any potential argument in support of a Title VII sex plus discrimination claim theory will fail.

## II. The NYSHRL Claim

Ronen's NYSHRL claim fails for the same reasons set forth with regard to his Title VII claim. In addition, Ronen has not presented any applicable case law suggesting that his status as the husband of a pregnant woman can state a plausible claim under the NYSHRL.

None of the cases cited by Ronen in his opposition hold that an expectant parent is deemed to be a member of a protected class under the NYSHRL. P. Mem. pp. 17-19. Instead, the cases relate to disability discrimination and race. *Canales v. ACP Facility Servs., Inc.*, 2019 U.S. Dist. LEXIS 40700 (E.D.N.Y. 2019); *Chiara v. Town of New Castle*, 126 A.D.3d 111 (2d Dep't 2015).

Ronen's reliance on *Elaine W. v. Joint Diseases N. Gen. Hosp., Inc.*, 81 N.Y.2d 211, 216 (1993) is misplaced. *Elaine W.* involved a discrimination claim against a hospital based on the hospital's policy to preclude pregnant women from receiving certain treatment at its facility. *Id.* at 215–216. Defendants here have not claimed that pregnant women are not members of a protected class under the NYSHRL. Rather, Defendants have argued that Ronen, as an expectant father, cannot state a discrimination claim under the NYSHRL.

Because Ronen has failed to rebut Defendants' argument that an expectant father is not a member of a protected class, his NYSHRL claim should be dismissed.

## POINT II

## RONEN'S ARGUMENT REGARDING DISABILITY DISCRIMINATION SHOULD BE DISMISSED BECAUSE THE SAC DOES NOT STATE ANY SUCH CLAIM AND BECAUSE PREGNANCY, WITHOUT MORE, IS NOT A DISABILITY

### I. The SAC does not allege a claim for association with a disabled person

Ronen argues that he has a claim for associational discrimination "based on his association with his *disabled* wife." P. Mem. p. 20 (emphasis added). The SAC, however, does not assert a claim for disability discrimination. As noted in Defendants' Opening Memo, the SAC – which is Ronen's fourth complaint in a federal district court following his termination (D. Mem. p. 2 fn. 1) – alleges two groups of claims under various federal, state and local laws, all based on either sex-based discrimination or retaliation. None of the six causes of action identified in the now operative complaint allege disability discrimination. Ronen's attempt to do so at this late date based on vague allegations regarding "pregnancy complications" (P. Mem. p. 20) is far from sufficient to state a claim for disability discrimination, associational or otherwise. Indeed, the word "disability" is not used once throughout the SAC.

In sum, even a generous reading of the SAC, shows that Ronen did not plead a claim for disability discrimination under the NYSHRL or NYCHRL.

### II. Even if Ronen had pled a disability discrimination claim, there was no "disability" under NYSHRL or NYCHRL

Notwithstanding the absence of disability allegations, Ronen now seeks to impute associational discrimination claims under NYSHRL and NYCHRL. He does so by simply asserting discrimination based on "his association with a *pregnant woman*[.]" SAC ¶¶ 89, 99 (emphasis added). That argument is insufficient because pregnancy, without more, is not a disability as defined by the ADA, NYSHRL, or NYCHRL. *McMyler v. Bank of Utica*, 2021 U.S. Dist. LEXIS 124703, at *5–6 (N.D.N.Y. July 2, 2021) (other citations omitted); *Rodriguez v.*

*Flushing Manor Geriatric Ctr.*, 2006 U.S. Dist. LEXIS 116284, at *6 (E.D.N.Y. 2006) ("pregnancy alone does not constitute disability discrimination under NYCHRL"); *Kennebrew v. N.Y. City Hous. Auth.*, 2002 U.S. Dist. LEXIS 3038, at *74 (S.D.N.Y. 2002) ("While the State and City Human Rights Laws definition of "disability" is broader than under the ADA, cases interpreting them also hold that mere pregnancy is not a disability"). Indeed, absent unusual circumstances, pregnancy and related medical conditions do not constitute a disability as a matter of law. *See LaCoparra v. Pergament Home Ctrs., Inc.*, 982 F. Supp. 213, 228 (S.D.N.Y. 1997); *Moawad v. Rx Place*, 1999 U.S. Dist. LEXIS 7969, n.3 (E.D.N.Y. 1999) ("[C]ourts have viewed pregnancy and related medical conditions as circumstances that generally do not rise to the level of an impairment requiring reasonable accommodations under the ADA").

Here, the SAC merely alleges Ronen's wife had "complications" with her pregnancy and had to deliver their child two weeks early. SAC ¶69. These allegations are wholly insufficient to allege a cause of action for disability discrimination. As such, any claim arguably pled for association with a disabled person should be dismissed. *Woodycrest Ctr. For Human Development, Inc.*, 2011 U.S. Dist. LEXIS 24513 (S.D.N.Y. 2011) (dismissing discrimination claim under the NYSHRL because the person on whom the associational claim was predicated did not have a disability).

## POINT III

### RONEN'S DISCRIMINATION CLAIM UNDER NYCHRL FAILS BECAUSE PLAINTIFF IS NOT A MEMBER OF A PROTECTED CLASS

Although Ronen has failed to allege directly that he is a member of a protected class under NYCHRL, he seeks to cure the defect by pointing to allegations regarding his intent to take paternity leave in the future. P. Mem pp. 9-12. According to Ronen, this qualifies as a caregiver and gives rise to a claim. The argument is unsupported, however, by the four corners of the SAC,

8

where there is no mention of Ronen caring for any other individual, nor any allegations regarding potential caregiving status – within the meaning of the governing statute – after the anticipated birth of Ronen's child. It is clear that NYCHRL does not protect discrimination claims based on familial status. *See*, N.Y.C. Admin. Code § 8-107(22) (2018) (protecting "the needs of an employee for the *employee's pregnancy*, childbirth, or related medical condition . . .") (emphasis added). Notably, NYCHRL does not protect *future* actual or perceived caregiver status. *See*, N.Y.C. Admin. Code § 8-107(31)(c)(1)(a). Indeed, the code provision cited by Ronen in his opposition contemplates the protection of individuals who "provide" care for a minor child or a care recipient." P. Mem. P. 9, *quoting* N.Y.C. Code § 8-102.

As with Ronen's Title VII claim, the recent decision of *Van Soeren v. Disney Streaming Serv.*, 2020 U.S. Dist. LEXIS 192028 (S.D.N.Y. Oct. 16, 2020) is instructive. In that case, the court dismissed plaintiff's claim for discrimination based on the plaintiff's wife's pregnancy, and plaintiff's subsequent paternity leave, because he did not qualify as a member of a protected class under NYCHRL. The Court relied on the same reasoning used to dismiss plaintiff's Title VII claim (*see*, Point I(A), above), 2020 U.S. Dist. LEXIS at *9–10, and that reasoning is every bit as applicable here. Notably, despite the nearly identical facts and legal claims in *Van Soeren* to those alleged in the SAC, Ronen has failed to address the *Van Soeren* analysis in any meaningful way. In brief, because Ronen does not qualify as a member of a protected class under the NYCHRL, his claim should be dismissed.

**POINT IV**

**RONEN'S RETALIATION CLAIMS UNDER TITLE VII, NYSHRL, AND NYCHRL FAIL BECAUSE THE SAC DOES NOT ALLEGE A CAUSAL CONNECTION BETWEEN THE ALLEGED PROTECTED ACTIVITY AND RONEN'S TERMINATION**

As set forth in Defendants' Opening Memo, Ronen cannot meet the causation element of a retaliation claim because he has failed to allege direct evidence of an intent to retaliate against him based on his alleged complaints regarding other employees, while the indirect evidence offered was too remote in time to support the claims. D. Mem. p. 12-15. Ronen's opposition seeks to forestall dismissal of the claims by arguing they are more appropriate at the summary judgment stage. P. Mem. p. 22. Certainly many such claims are, in fact, dismissed at the summary judgment stage, but that does not preclude the dismissal of a claim relying on as thin a reed as Ronen relies on here, particularly when the SAC includes allegations that flatly contradict Ronen's assertion that he was retaliated against in January for complaints allegedly made in September. In particular, according to the SAC, within a month of his alleged complaint, Ronen was identified for promotion to chief operating officer in October 2020 and given a $20,000 raise – a far cry from anything that could remotely be characterized as retaliatory. SAC ¶38.

In any event, while many cases such as *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007), involve dismissals on summary judgment, courts have not hesitated to dismiss claims for the same reason in response to motions to dismiss. *See Brown v. City of New York*, 622 Fed. Appx. 19, 19–20 (2d Cir. 2015) (denial of plaintiff's motion to reconsider the District Court's dismissal of her retaliation claims where "[t]he time lapses between [plaintiff's] protected activities and the alleged retaliatory acts – ranging from two months to several years – were simply too attenuated to establish that the alleged adverse employment actions were the product of a retaliatory motive absent other supporting factual allegations."); *Williams v.*

*City of New York*, 2012 U.S. Dist. LEXIS 112482, at *31 (S.D.N.Y. 2012) (dismissing plaintiff's Title VII and NYSHRL retaliation claims, reasoning that "[t]he passage of even two or three months is sufficient to negate any inference of causation when no other basis to infer retaliation is alleged.")

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss, enter an Order dismissing the SAC, and award Defendants such other relief which the Court deems just and proper.

Dated**:** December 29, 2021                  **BARCLAY DAMON LLP**

                                            By: /s/ Brian E. Whiteley
                                                  Brian E. Whiteley

*Attorneys for Defendant*s
160 Federal Street, Suite 1010
Boston, Massachusetts 02110
Telephone: (617) 274-2900
Facsimile: (617) 722-6003
Email: bwhiteley@barclaydamon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2021, I electronically filed the foregoing Reply Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) using the CM/ECF system, which sent electronic or other notification of such filing to all counsel of record in this case.

*/s/ Brian E. Whiteley*
Brian E. Whiteley
