UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MATTHEW RONEN,

                      Plaintiff,

    v.

REDROUTE, INC. and BRIAN SCHIFF, in his individual and professional capacities,

                      Defendants.
------------------------------------------------------------ X

Civil Case No.: 21-cv-02732 (RPK) (RML)

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING NEW YORK COMPILATION OF CODES, RULES & REGULATIONS, Tit. 9, § 466.14(c)(1)

**WIGDOR LLP**

Michael J. Willemin
Renan F. Varghese
John S. Crain

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
rvarghese@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND OF THE REGULATION ............................................................................1

I.     IT WAS WITHIN THE NYSDHR'S POWER TO ADOPT THE REGULATION ...........2

II.    THE BOREALI FACTORS SUPPORT THE NYSDHR'S POWER TO
       IMPLEMENT THE REGULATION ................................................................................5

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                       **Page**

Boreali v. Axelrod,
　71 N.Y.2d 1 ............................................................................................................... 5

Canales v. ACP Facility Servs., Inc.,
　No. 17 Civ. 6937 (DRH) (AYS), 2019 WL 1171479 (E.D.N.Y. Mar. 13, 2019) ..................... 4

Chiara v. Town of New Castle,
　126 A.D.3d 111, 2 N.Y.S.3d 132 (2d Dep't 2015) ................................................................ 4

Dunn v. Fishbein,
　123 A.D.2d 659 (2d Dep't 1986) ............................................................................................ 2

Fed. Exp. Corp. v. Holowecki,
　552 U.S. 389 (2008) ................................................................................................................ 6

Gen. Elec. Cap. Corp. v. New York State Div. of Tax Appeals,
　2 N.Y.3d 249, 810 N.E.2d 864 (2004) ................................................................................... 2

Goodwin v. Perales,
　88 N.Y.2d 383 (1996) ............................................................................................................. 3

Greater New York Taxi Ass'n v. New York City Taxi & Limousine Comm'n,
　25 N.Y.3d 600 (2015) .................................................................................................... 2, 5, 6

Homeward Residential, Inc. v. Sand Canyon Corp.,
　298 F.R.D. 116 (S.D.N.Y. 2014) ............................................................................................ 4

Wetzel v. Town of Orangetown,
　No. 06 Civ. 6117 (LAP), 2015 WL 745703 (S.D.N.Y. Feb. 9, 2015) ..................................... 6

Zarda v. Altitude Express, Inc.,
　883 F.3d 100 (2d Cir. 2018) ................................................................................................ 2, 4

Statutes

("NYSHRL") § 290(3) .......................................................................................................... 1, 3, 5

NYSHRL § 291(1) ........................................................................................................................ 1

NYSHRL § 291(1)(a) .................................................................................................................... 4

NYSHRL § 295(5) ........................................................................................................................ 1

NYSHRL § 295(9) ......................................................................................................... 1

NYSHRL § 296(1)(a) ................................................................................................ 3, 4

NYSHRL § 296(1)(b) .................................................................................................... 4

NYSHRL § 300 .......................................................................................................... 3, 4

<u>Regulations</u>

N.Y. Comp. Codes R. & Regs. tit. 9 § 466.14 ............................................................... 1

Plaintiff Matthew Ronen submits this brief in response to the Court's Order, dated April 15, 2022, requesting additional briefing regarding the authority of the New York State Division of Human Rights ("NYSDHR" or "the Division") to promulgate N.Y. Comp. Codes R. & Regs. tit. 9 § 466.14.

## BACKGROUND OF THE REGULATION

In 1951, the New York State Legislature declared it the "responsibility" of the state "to eliminate and prevent discrimination in employment." New York State Human Rights Law ("NYSHRL") § 290(3). It made the right to be free from discrimination a personal and fundamental right, writing: "The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, marital status, or disability, is hereby recognized as and declared to be a civil right." NYSHRL § 291(1).

To fulfill its responsibility to protect the civil rights of New York citizens to be free of employment discrimination, the New York State Legislature ("the Legislature") created the State Division of Human Rights. NYSHRL § 291(1). The Legislature gave the Division the power "[t]o develop human rights plans and policies for the state and assist in their execution." NYSHRL § 295(9). To assist in its development of "human rights plans and policies for the state," the Legislature vested the Division with the power to "adopt, promulgate, amend and rescind suitable rules and regulations to carry out the provisions of this article, and the policies and practices of the division in connection therewith." NYSHRL § 295(5).

Pursuant to its responsibility "to eliminate and prevent discrimination in employment," in 2016, the NYSHDR implemented a regulation "[t]o clarify it is unlawful to discriminate because of relationship or association with members of a protected class." 2016 NY REG TEXT 419248 (NS) as codified at N.Y. Comp. Codes R. & Regs. tit. 9 § 466.14 ("the Regulation"). This

1

regulation fills in a detail of the New York State Human Rights Law's ("NYSHRL") list of "unlawful discriminatory practices" in employment, housing and other fields, clarifying that this list includes a bar on discrimination based on the protected trait of an individual's associations (i.e. friends, family, etc.). In discussing the reasoning for its clarifying regulation, the NYSDHR citied Dunn v. Fishbein, 123 A.D.2d 659, 659-60 (2d Dep't 1986) and other precedents, noting that, unless the Division clarified the law, not only would associational discrimination in employment be permitted, landlords would be able to bar tenants because of the race of their friends and deny rental space to clinics treating HIV/AIDS. 2016 NY REG TEXT 419248 (NS). Id. The Division's Regulation cites Title VII precedent as well, and draws further strength from more recent Title VII precedents barring associational discrimination, Zarda v. Altitude Express, Inc., 883 F.3d 100, 124 (2d Cir. 2018), aff'd sub nom., Bostock v. Clayton Cty., Georgia, 140 S. Ct. 1731, 207 L. Ed. 2d 218 (2020), as well as the statements from the Legislature, which expanded the NYSHRL's construction clause in 2019 to clarify that "exemptions from the provisions of this article shall be construed narrowly in order to maximize deterrence of discriminatory conduct." NY LEGIS 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A. 8421).

I. **IT WAS WITHIN THE NYSDHR'S POWER TO ADOPT THE REGULATION**

"A legislature may enact a general statutory provision and delegate power to an agency to fill in the details, as long as reasonable safeguards and guidelines are provided to the agency." Greater New York Taxi Ass'n v. New York City Taxi & Limousine Comm'n, 25 N.Y.3d 600, 608 (2015). "In so doing, an agency can adopt regulations that go beyond the text of that legislation, provided they are not inconsistent with the statutory language or its underlying purposes." Gen. Elec. Cap. Corp. v. New York State Div. of Tax Appeals, 2 N.Y.3d 249, 254, 810 N.E.2d 864, 867 (2004). Such regulations are permitted "as long as they are in harmony

2

with the statute's over-all purpose." Goodwin v. Perales, 88 N.Y.2d 383, 395 (1996). Here, the Legislature gave the Division a broad grant of power:

> [The Division] is hereby created to encourage programs designed ***to insure that every individual shall have an equal opportunity*** to participate fully in the economic, cultural and intellectual life of the state; . . . to eliminate and prevent discrimination in employment . . . and to take other actions against discrimination as herein provided; and the division established hereunder ***is hereby given general jurisdiction and power for such purposes***.

§290(3) (emphasis added). Thus, the Division's clarifying Regulation fits comfortably within its expansive power to "eliminate and prevent discrimination in employment."

Even if the Regulation goes beyond the plain text of the legislation defining "unlawful discriminatory practices," it does not contradict that text, which is written broadly and, under NYSHRL § 300, must be construed broadly as well. The text of the NYSHRL reads as follows:

> It shall be an unlawful discriminatory practice: . . . For an employer or licensing agency, because of an individual's . . . sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

NYSHRL § 296(1)(a). This text makes it "an unlawful discriminatory practice," to discriminate in employment "because of an individual's . . . sex." NYSHRL § 296(1)(a). The NYSDHR did not contradict this broad language when it clarified that discrimination based on "sex" also encompasses the sex of someone an employee associates with. More than that, it keeps with the delegated powers and the mission of the NYSDHR—to develop antidiscrimination policies—to find that such discrimination counts as "sex discrimination."

Finding that the Division's regulations violate the text of the NYHRL would improperly narrow the scope of the statutory framework, contrary to NYSHRL § 300, which requires that "[t]he provisions of this article . . . be construed liberally for the accomplishment of the remedial purposes thereof" and that "[e]xceptions and exemptions from the provisions of this article . . .

3

be *construed narrowly* in order to maximize deterrence of discriminatory conduct." NYSHRL § 300 (emphasis added). A narrowed construction would defeat the statute's goal, to secure the personal civil liberty of New York citizens to be free of employment discrimination, as expressed in NYSHRL § 291(1)(a). To the contrary, the Legislature has made clear its desire to "eliminate and prevent" all discrimination in the workplace. The Division was merely following this edict by clarifying that the NYSHRL banned associational discrimination. Moreover, the Division was following the case law which has made clear that associational discrimination is banned under both the NYSHRL and its federal counterpart, Title VII. Canales v. ACP Facility Servs., Inc., No. 17 Civ. 6937 (DRH) (AYS), 2019 WL 1171479, at *4 (E.D.N.Y. Mar. 13, 2019); Chiara v. Town of New Castle, 126 A.D.3d 111, 122, 2 N.Y.S.3d 132, 141 (2d Dep't 2015); Zarda, 883 F.3d at 124.

Nor does § 296(1)(a)'s "such individual" language warrant a different result. It would be incorrect to read the statute as addressing only the sex of the "individual" who experiences an adverse action, i.e. the employee. To the contrary, the Regulation validly clarifies the definition of "unlawful discriminatory practices," to include discrimination because of an association with a member of an enumerated protected category. Other sections of the NYSHRL reinforce this reading. In describing unlawful discriminatory practices for "an employment agency," the NYSHRL does not use the limiting "such individual" language but says only that it is illegal "to discriminate against any individual because of" a protected characteristic. NYSHRL § 296(1)(b). Under a narrow reading of 296(1)(a), the Division would have more power to regulate associational discrimination by employment agencies than by employers, because 296(1)(b) has no "such individual" language limiting the statute. This would be an absurd intent to attribute to the Legislature. See Homeward Residential, Inc. v. Sand Canyon Corp., 298

4

F.R.D. 116, 129 (S.D.N.Y. 2014) (internal citations and quotations omitted) (courts should avoid "absurd" interpretation).

## II. THE BOREALI FACTORS SUPPORT THE NYSDHR'S POWER

In addition to looking at the plain text of a statute delegating administrative authority, the Court of Appeals considers four factors, derived from Boreali v. Axelrod, 71 N.Y.2d 1, 11, 517, N.E.2d 1350, 1355 (1987), in considering whether a regulation oversteps an agency's authority. These factors support the Division's power to bar associational discrimination in employment.

"The first factor is whether the agency did more than balanc[e] costs and benefits according to preexisting guidelines, but instead made value judgments entail[ing] difficult and complex choices between broad policy goals to resolve a social problem." Greater New York Taxi Ass'n, 25 N.Y.3d at 610 (citations and quotations omitted). Here, the Division did not make any value judgments at all. Rather, it was the Legislature that made the value judgment when it stated that New York's goal was "to eliminate and prevent discrimination in employment." NYSHRL § 290(3). The Regulation merely effectuated this preexisting guideline by clarifying (but, importantly, not changing) the definitions in the NYSHRL.

"The second *Boreali* factor is whether the agency merely filled in details of a broad policy or if it wrote on a clean slate, creating its own comprehensive set of rules without benefit of legislative guidance." Greater New York Taxi Ass'n, 25 N.Y.3d at 611 (2015). Here, the Division did not "write on a blank slate," but was guided by the Legislature's grant of power "to eliminate and prevent discrimination in employment" and to eliminate and prevent sex discrimination in employment. Moreover, it was guided by years of precedent interpreting Title VII (recently reinforced by cases such as Zarda) and the NYSHRL. This is not a case where, for example, the Division created a new protected class, such as by banning discrimination based on the political affiliation of an employee, a category clearly not protected by the NYSHRL, and

5

one that would significantly alter its scope.  Wetzel v. Town of Orangetown, No. 06 Civ. 6117 (LAP), 2015 WL 745703, at *8 (S.D.N.Y. Feb. 9, 2015) ("the NYSHRL does not contemplate a cause of action based on political affiliation discrimination.")  Instead, the NYSDHR merely sought to "clarify" the bar against sex discrimination, a category already designated by the Legislature as an illegal basis for discrimination.

"The third *Boreali* factor is whether the legislature has unsuccessfully tried to reach agreement on the issue, which would indicate that the matter is a policy consideration for the elected body to resolve."  Greater New York Taxi Ass'n, 25 N.Y.3d at 611–12 (citations and quotations omitted).  The Legislature has not directly addressed associational discrimination at all.  However, it recently expanded the interpretational clause of the NYSHRL, signaling that any remnant ambiguity in the statutes should be construed in favor of its overall policy of securing the individual civil right of New York citizens to be free of employment discrimination.

"The fourth *Boreali* factor, whether the agency used special expertise or competence in the field to develop the challenged regulations."  Greater New York Taxi Ass'n, 25 N.Y.3d at 612 (citations omitted).  There is no doubt that the Division has special expertise in enforcing the precepts of the NYSHRL, and that it acted accordingly when it found that associational discrimination was counter to the state's broad antidiscrimination policy.  Indeed, at a minimum, the Regulation "reflect[s] "'a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'"  Fed. Exp. Corp. v. Holowecki, 552 U.S. 389, 399 (2008) (quotations and citations omitted).

In sum, the Division filled in the details of a broad policy against sex discrimination, pursuant to the Legislature's repeated commands that the NYSHRL be construed as broadly as possible to secure the personal, fundamental right against employment discrimination.  In doing so, it acted appropriately within its grant of power.